**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| ASSOCIATION COUNTY COMMISSIONERS OF GEORGIA-INTERLOCAL RISK MANAGEMENT AGENCY, | : : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 2:13-CV-00107-RWS |
| v. | : : | |
| BILLY SHANE HARRISON and ABIGAIL MARILYN AYERS, as SURVIVING SPOUSE and ADMINISTRATRIX of the ESTATE of JONATHAN PAUL AYERS, | : : : : : : : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Plaintiff Association County Commissioners of Georgia-Interlocal Risk Management Agency's ("ACCG-IRMA") Motion to Remand [6]. After reviewing the record, the Court enters the following Order.

### **Background**

On May 3, 2013, ACCG-IRMA commenced this action by filing a Petition for Declaratory Judgment in the Superior Court of Banks County,

Georgia. (Dkt. [1-1] at 3 of 12.) ACCG-IRMA seeks a declaration of the extent of its liability under insurance policies issued to Stephens County, Rabun County, and Habersham County, Georgia. (Id. ¶ 35.) Named as Defendants in this declaratory judgment action are Billy Shane Harrison ("Harrison") and Abigail Martin Ayers ("Ayers"). Ayers is the plaintiff and Harrison is the defendant in a separate civil rights action pending before this Court, Ayers v. Harrison, Case No. 2:10-cv-0032-RWS (the "Underlying Action"). This declaratory judgment action concerns the potential insurance coverage available in the Underlying Action.

ACCG-IRMA is an interlocal risk management agency that operates a self-insurance pool for those county governments and recognized county authorities in Georgia that choose to participate. (Petition for Declaratory Judgment, Dkt. [1-1] ¶¶ 1-2.) ACCG-IRMA provided liability insurance policies to Habersham County, Rabun County, and Stephens County. (Id. ¶¶ 5-7.) In 2009, the foregoing counties, along with other Georgia counties and cities, formed the Mountain Judicial Circuit Drug Task Force (the "Task Force") to target drug violations. (Id. ¶ 14.) Harrison, a deputy sheriff of Stephens County, participated in the Task Force. (Id. ¶ 17.) Habersham

2

County and Rabun County also deputized Harrison to authorize him to perform law enforcement functions in those counties.  (Id. ¶¶ 21-22.)

The Underlying Action arose out of an incident, in which Harrison allegedly shot and killed Jonathan Paul Ayers (the "decedent") in Stephens County.  (See generally Ayers v. Harrison, No. 2:10-cv-0032-RWS, Dkt. [26] (Am. Compl.).)  Following the death of the decedent, Ayers, as surviving spouse and administratrix of the decedent's estate, sued Defendants, including Harrison, for damages under 42 U.S.C. § 1983.  (Id.)  Ayers alleges that Harrison was acting not only on behalf of Stephens County but also on behalf of Habersham County and Rabun County as a result of his participation in the Task Force.  (Id. ¶ 6.)  Consequently, Ayers contends that the insurance policies issued to Stephens County, Habersham County, and Rabun County are all applicable to the Underlying Action.  ACCG-IRMA contends, on the other hand, that "only the Stephens County policy could apply because (a) Harrison was not acting on behalf of Habersham County or Rabun County and (b) the policies at issue contain anti-stacking provisions."  (Br. in Supp. of ACCG-IRMA's Mot. to Remand ("ACCG-IRMA's Br."), Dkt. [6-1] at 4.)

3

To resolve this dispute, ACCG-IRMA initiated this action by filing its Petition for Declaratory Judgment in the Superior Court of Banks County. Defendant Ayers removed the case to this Court and alleges as the basis for removal supplemental jurisdiction under 28 U.S.C. § 1367(a). (Notice of Removal, Dkt. [1] ¶ 2.) ACCG-IRMA now moves the Court to remand the action to the Superior Court of Banks County, arguing that the Court lacks subject matter jurisdiction over the action. (See generally ACCG-IRMA's Br., Dkt. [6-1].)

## Discussion

"A removing defendant bears the burden of proving proper federal jurisdiction." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008) (internal quotes and citation omitted). Moreover, "[a]ny doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." Id. (citation omitted).

The removal statute provides for the removal of a civil action from state to federal district court if the action is within the "original jurisdiction" of the federal courts. See 28 U.S.C. § 1441(a) (". . . [A]ny civil action brought in a State court of which the district courts of the United States have original

4

jurisdiction . . . may be removed by the defendant or the defendants . . . to the district court of the United States . . . ."). "Thus, a defendant may generally remove a civil action that raises a federal question, see 28 U.S.C. § 1331, or that involves an amount in controversy exceeding $75,000 between citizens of different states, see 28 U.S.C. § 1332, because both types of cases grant federal district courts 'original jurisdiction.'" Keene v. Auto Owners Ins. Co., 78 F. Supp. 2d 1270, 1273 (S.D. Ala. 1999).

Ayers does not base removal on either federal question or diversity of citizenship jurisdiction but, rather, contends that removal is proper exclusively on the basis of the supplemental jurisdiction statute, 28 U.S.C. § 1367. (Notice of Removal, Dkt. [1] ¶ 2; see generally Respondent Ayers' Resp. and Br. in Opp'n to Petitioner's Mot. to Remand ("Ayers's Opp'n Br."), Dkt. [8].) Ayers argues that because this Court has federal question jurisdiction over the Underlying Action, it may exercise supplemental jurisdiction over this separate but related declaratory judgment action, and therefore that removal of the action was proper. (See generally Ayers's Opp'n Br., Dkt. [8].)

The supplemental jurisdiction statute provides as follows:

5

> . . . [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (emphasis added).  The Court agrees with ACCG-IRMA that the supplemental jurisdiction statute does not provide an independent basis for removal because it does not confer on the district court "original jurisdiction."  Indeed, the Eleventh Circuit Court of Appeals has held exactly this: "[S]upplemental jurisdiction . . . under 28 U.S.C. § 1367 . . . cannot provide the 'original jurisdiction' that § 1441 demands for an action to be removable."  Henson v. Ciba-Geigy Corp., 261 F.3d 1065, 1068 n.3 (11th Cir. 2001).  As another authority has explained,

> [A] defendant may not base a Section 1441(a) removal on the supplemental jurisdiction statute, 28 U.S.C. § 1367.  That is, supplemental jurisdiction under Section 1367 is not a source of subject-matter jurisdiction for federal question purposes.  Defendants sometimes will assert that a pending federal action that shares a common nucleus of operative fact with the state lawsuit that defendants seek to remove can furnish an anchor claim under Section 1367(a), and thus enable removal of a separate suit under Sections 1441(a) and (b).  This is a misreading of Section 1367, which authorizes supplemental jurisdiction over claims that are within the same civil action as a federal question claim (or over claims that are within the same civil action as a claim satisfying 28

6

U.S.C. § 1332, the statute conferring diversity jurisdiction), and those claims alone.

4 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3722 (4th ed.) (emphasis added).[1]

Because Ayers has failed to show federal jurisdiction over this declaratory judgment action, removal was improper and ACCG-IRMA's Motion to Remand [6] is due to be **GRANTED**.

## Conclusion

In accordance with the foregoing, Association County Commissioners of Georgia-Interlocal Risk Management Agency's Motion to Remand [6] is **GRANTED**. The Clerk is directed to remand this action to the Superior Court of Banks County, Georgia.

**SO ORDERED**, this  27th  day of June, 2013.

*(signature)*

**RICHARD W. STORY**
United States District Judge

---

[1] The cases cited by Ayers in support of her argument to the contrary are not on point, as none concerns whether the supplemental jurisdiction statute provides an independent basis for removal.

7